

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2008

# Ali v. Mcanany

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ali v. Mcanany" (2008). *2008 Decisions*. Paper 1706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3283
_____

IMANUEL BASSIL ALI,

Appellant

v.

JOHN MCANANY, Nurse Supervisor; TAMMY HOFFMAN, Nurse;
LT. HAYWOOD; CPT. HALL, RHU Commander;
DENISE HELVERDING, Nurse;
SHARON D'ELETTO, Grievance Coordinator;
L.S. FOLINO, Superintendent

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00096)
District Judge:  Hon. Donetta W. Ambrose

_____

Submitted under Third Circuit LAR 34.1(a)
on August 16, 2007

Before:  BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(filed: January 25, 2008 )

————————

O P I N I O N

————————

PER CURIAM

Appellant, Imanuel Bassil Ali, proceeding pro se and in forma pauperis, appeals an order of the United States District Court of Western Pennsylvania dismissing Ali's civil rights claims. For the reasons stated below, we will affirm the District Court's order in part, vacate in part, and remand for further proceedings.

Ali, an inmate at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania, filed suit under 42 U.S.C. § 1983 alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution. The defendants named in his original and amended complaints are prison nurses Tammy Hoffman and Denise Helverding, Nurse Supervisor John McAnany, Corrections Officers Lt. Haywood and Capt. Hall, Grievance Coordinator Sharon D'Eletto, and Superintendent L.S. Folino. In January 2004, while incarcerated at SCI-Greene, Ali was ordered to undergo a blood extraction procedure for the purpose of providing the Commonwealth with a DNA sample. He alleges that difficulties arose during the course of this procedure because he is afflicted with a medical condition known as rolling veins. According to Ali, Hoffman made two attempts to draw blood by puncturing Ali's right arm and left hand with a hypodermic needle. After these attempts failed, Hoffman allegedly recommended the use of an oral swab to obtain a DNA sample and stated to those present that no further attempts should be made to

2

draw blood. McAnany allegedly disregarded Hoffman's advice and tried two more times to draw blood. The second attempt was successful. As a result of the repeated attempts to draw blood, Ali claims that he suffered from severe pain and that visible injuries developed in the area of his puncture wounds. He claims that McAnany violated the Eighth Amendment's prohibition against cruel and unusual punishment and that Hoffman, Lt. Haywood and Capt. Hall also violated the Eighth Amendment by failing to intervene on Ali's behalf during the procedure. He also asserts an Eighth Amendment claim against Helverding for failing to process his sick call request slips, and against D'Eletto and Folino for not appropriately responding to his grievances regarding the medical care he was receiving for his injuries.[1]

The Pennsylvania Department of Corrections, acting on behalf of McAnany, Haywood, Hall, Helverding, D'Eletto and Folino, filed a motion to dismiss Ali's Eighth Amendment claims for failure to state a claim upon which relief may be granted; Hoffman filed a separate motion to dismiss. The Magistrate Judge assigned to the case issued a Report and Recommendation ("R&R") advising the District Court to grant the motions to dismiss. Over Ali's objections, the District Court issued an order adopting the R&R in its entirety. Ali timely appeals that decision.[2]

---

[1]On appeal, Ali also challenges the constitutionality of the prison's policy calling for the use of a hypodermic needle rather than a swab kit to obtain a DNA sample. We will not address this claim because he did not assert it in his amended complaint.

[2] The order being appealed did not dispose of Ali's First Amendment claims. Ali has since successfully moved to withdraw his First Amendment claims, thereby rendering the District Court's order final and appealable. See Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997) ("Even if the appeals court would have lacked jurisdiction

3

Our review of the District Court's judgment is plenary. <u>Curay-Cramer v. Ursuline Acad.</u>, 450 F.3d 130, 133 (3d Cir. 2006). We must liberally construe a complaint filed by a <u>pro</u> <u>se</u> litigant. <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003). Furthermore, we must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).

First, we address Ali's claim against Helverding, who is identified in the amended complaint as the nurse responsible for collecting sick call slips from inmates residing in the restricted housing unit at SCI-Greene. Ali claims that Helverding "exercised deliberate indifference to Ali's serious medical needs by continually refusing to accept/process his sick call slips bearing his true surname in conjunction with his commit name and number." Amend. Compl. ¶ 29. Ali allegedly submitted a sick call slip to Helverding the day after the blood extraction requesting medical attention for "excruciating pain, swelling, inflam[m]ation, and skin breakage" in the area of his puncture wounds. Amend. Compl. ¶¶ 16-17. He waited two days for a response before submitting a second sick call slip. Helverding then allegedly informed Ali that the first request was discarded because he signed the document with the surname "Ali" rather than his name of commitment and that she would not process the second request for the same reason. Ali maintains that both slips bore his

at the time an appeal was filed, the court has jurisdiction if, as a result of subsequent events, there are no longer any claims left to be resolved by the district court."). We therefore have jurisdiction under 28 U.S.C. § 1291.

name of commitment in addition to "Ali," and that Helverding had previously processed sick call requests containing both surnames.

We conclude that the amended complaint states a cognizable Eighth Amendment claim against Helverding. A prison official violates the Eighth Amendment by denying or delaying reasonable requests by an inmate for medical treatment, provided the challenged conduct constitutes deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987). The allegations in the amended complaint indicate that Ali was suffering from a serious medical need at the time he presented the sick call slips to Helverding. See Spruill, 372 F.3d at 235-36. The allegations also suggest that Helverding deliberately and arbitrarily refused to process Ali's requests for medical attention. In addressing the claim against Helverding, the Commonwealth does not cite to any prison regulations that indicate that the form of Ali's requests was improper. Nor does the Commonwealth address the allegations regarding Helverding's prior acceptance of sick call slips bearing both of Ali's surnames. We therefore do not find support in the record for the Magistrate Judge's determination that Ali, rather than Helverding, was responsible for the delay in receiving medical care.

As to the allegations against the remaining defendants, we conclude that the amended complaint fails to state a claim upon which relief may be granted. First, the District Court correctly ruled that the amended complaint does not state a congizable Eighth Amendment

5

claim against McAnany. An Eighth Amendment violation occurs where a prison official unnecessarily and wantonly inflicts pain on an inmate in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). The Eighth Amendment is always violated "when prison officials maliciously and sadistically use force to cause harm." Id. at 9. The facts set forth in the original and amended complaints indicate that McAnany made two attempts at obtaining a blood sample with a hypodermic needle and that he ceased engaging in the offending conduct after his second attempt at drawing blood proved successful. Because these allegations do not give rise to a reasonable inference that McAnany inflicted the two puncture wounds for the purpose of causing Ali harm, we conclude that the District Court correctly granted the motion to dismiss as to McAnany.

Next, Ali argues that Hoffman, Haywood, and Hall acted improperly during the blood extraction by failing to "intervene immediately to protect Ali from further injury by McAnany." Amend. Compl. ¶ 28. According to Ali, these parties had a duty to intervene analogous to the duty of corrections officers to take reasonable steps to protect an inmate from excessive force inflicted by another officer. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). As we noted in Smith, such a duty only arises where an officer is presented with a "reasonable and realistic opportunity to intervene." Id. We reject the claims against Haywood and Hall because Ali has not pled facts indicating that these defendants had a reasonable and realistic opportunity to protect Ali from the force inflicted by McAnany. Specifically, there is no indication that the officers witnessed the alleged misconduct, had

6

reason to know that excessive force was being used, or could have reasonably prevented further harm through their intervention. The claim against Hoffman is also subject to dismissal because she is not a corrections officer and thus did not have a duty to intervene under the rule acknowledged in Smith.

Ali also claims that D'Eletto and Folino violated the Eighth Amendment by not immediately responding to his administrative grievance challenging the adequacy of the medical care he was receiving for his injuries. In the grievance, which is attached to the amended complaint, Ali admits that a physician's assistant examined the injuries on two occasions. Because Ali was clearly under medical care at the time he submitted the grievance, D'Eletto and Folino did not exhibit deliberate indifference in violation of the Eighth Amendment by failing to issue a suitable response to the grievance. See Spruill, 372 F.3d at 236; Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

For the foregoing reasons, we will **affirm** the judgment in part, **vacate** the judgment in part, and **remand** to the District Court for further proceedings consistent with this opinion.[3]

---

[3]Ali has filed a motion to dismiss Hoffman's brief as untimely. Inasmuch as Hoffman's brief was filed in accordance with this Court's scheduling order, we deny the motion. Ali has also filed a motion requesting this Court to convert the motion to dismiss into a reply brief. We grant this motion.

7